IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *TYRONE REAVES, #R15572,* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:15-cv-01422-JPG-PMF |
| ) | |
| *VIPEN SHAH, SUZANN BAILEY, WARDEN* ) | |
| *LASHBROOK, and BETSY SPILLER,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

COMES NOW Defendant, Vipin Shah, by and through his attorneys, Sandberg Phoenix & von Gontard P.C., and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby respectfully moves this Honorable Court to grant summary judgment in his favor, stating as follows:

1.  The Prison Litigation Reform Act, 42 U.S.C. §1997e(a), provides in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  See also Pavey v. Conley, 544 F.3d 739, 740 (7th Cir. 2008).

2.  Exhaustion of administrative remedies is a condition precedent to filing suit. Perez v. Wisconsin Dep't. of Corr., 182 F.3d 532, 535 (7th Cir. 1999).

3.  A plaintiff's suit must be dismissed if administrative remedies are not fully and properly exhausted.  Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006) (holding that prisoner

7152142.1

cannot satisfy exhaustion requirement by filing untimely or otherwise procedurally defective grievances).

4. According to the Illinois Administrative Code, "A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." 20 Ill. Admin. Code Section 504.810(a). The Code provides for an appeal process as follows:

> If, after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached.

20 Ill. Admin. Code Section 504.850(a).

5. Section 504.810(b) of the Illinois Administrative Code requires that the grievance "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint."

6. The Seventh Circuit has made it clear that "a prisoner who does not take every step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by 1997e(a)." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002).

7. In the matter at hand, Plaintiff has failed to properly and timely exhaust his administrative remedies with respect to this Defendant as Plaintiff has failed to properly file and appeal grievances complaining of the issues referenced in his Complaint.

8. Vipin Shah should be dismissed from this Complaint for Plaintiff's failure to properly exhaust his administrative remedies.

9. In support of his Motion for Summary Judgment for Failure to Exhaust

7152142.1

Administrative Remedies, Defendant files concurrently herewith his Memorandum of Law in support of his Motion for Summary Judgment.

WHEREFORE Defendant, Vipin Shah, prays that Plaintiff's claims against him be dismissed for failure to exhaust administrative remedies; that summary judgment be entered in his favor; and for such other and further relief as the Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By: *s/ Alexander B. Chosid*
Timothy P. Dugan, #6271610
Alexander B. Chosid, #6312543
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
tdugan@sandbergphoenix.com
achosid@sandbergphoenix.com

*Attorneys for Defendant Vipin Shah, M.D.*

### Certificate of Service

I hereby certify that on the 14th day of March 2016 the foregoing was mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

Tyrone Reaves, #R15572
Pinckneyville Correctional Center
5835 State Route 154
P.O. Box 999
Pinckneyville, IL  62274
*Pro Se*

*s/ Carolyn Heiman*