IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *TYRONE REAVES, #R15572,* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:15-cv-01422-JPG-PMF |
| ) | |
| *VIPEN SHAH, SUZANN BAILEY, WARDEN LASHBROOK, and BETSY SPILLER,* ) ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST**

COMES NOW Defendant, Vipin Shah, by and through his attorneys, Sandberg Phoenix & von Gontard P.C., and for his Memorandum of Law in Support of his Motion for Summary Judgment for Failure to Exhaust states as follows:

### I.   INTRODUCTION

Tyron Reaves was formerly incarcerated at Pinckneyville Correctional Center. Plaintiff claims that he was not given appropriate health care while housed at Pinckneyville Correctional Center. [Doc. 1]. Specifically, he alleges Dr. Vipin Shah was deliberately indifferent to his serious medical needs by failing to provide medical care responsive to Plaintiff's claims that the diet at Pinckneyville contained too much soy and caused him medical problems.

Plaintiff has not exhausted his remedies with respect to his claims against Vipin Shah. Plaintiff, prior to filing this suit, failed to properly file grievances and receive the required responses to place either the individual or the institution on notice of his complaints.

7152213.1

## II.     STATEMENT OF UNCONTROVERTED MATERIAL FACTS

1.     This Court interpreted the portions of Plaintiff's Complaint [Doc. 1] which survived merit review to raise claims against Dr. Shah to be that Dr. Shah refused to provide Plaintiff with medical care for his symptoms which Plaintiff alleges result from the soy diet at Pinckneyville. [Doc. 7, p. 5].

2.     All other claims against Dr. Shah were dismissed at merit review. [Doc. 7].

3.     Specifically, as it relates to the surviving claims, Plaintiff claims that after informing Dr. Shah that he suffered from a variety of ailments based upon the large amounts of soy in the prison diet, that Dr. Shah told Plaintiff "it's not soy, drink more water or just buy more commissary." [Doc. 1, p. 7].

4.     In his Complaint, Plaintiff claims he "started filing written complaints 11-?-2014 got no response, refiled more when a jailhouse lawyer at PNK instructed me to do so," and that he "intentionally got no responses from Defendants they refuse to answer them." [Doc. 1, p. 4]. Plaintiff is unclear as to whether these written complaints are grievances on proper forms or not.

5.     Plaintiff attached a number of exhibits to his Complaint, but none of the attachments are grievances or even letters complaining about the issues in this case to which he claims he received no responses. [Doc. 1].

6.     According to Plaintiff's cumulative counseling summary, Plaintiff was transferred to Pinckneyville Correctional Center on May 28, 2015. See Cumulative Counseling Summary, attached hereto as Exhibit A, and incorporated herein by this reference.

7.     Plaintiff tendered this suit to the clerk on December 26, 2015. [Doc. 1, p. 9].

8.     Plaintiff's Cumulative Counseling Summary contains no references to any complaints to Plaintiff's counselor regarding Dr. Shah or the soy diet at Pinckneyville until

2

January 11, 2016. In this entry, the Counselor Clay Wheelan, states "[r]eturned grievance dated 12/23/15. Inmate grieved PNK serving too much soy in their meals causing medical issues. Advised inmate that the meals served at PNK are according to state guidelines and regulations and if inmate is having medical issues he needs to notify health care immediately." Ex. A.

9. According to the Illinois Department of Corrections' website, Plaintiff was paroled on January 13, 2016. See IDOC Offender Status of Tyrone Reaves, attached hereto as Exhibit B, and incorporated herein by this reference.

10. Plaintiff's grievance records, as received via subpoena from Pinckneyville Correctional Center, contain no grievances which were appealed to the grievance officer. See Pinckneyville Grievance Records, attached hereto as Exhibit C, and incorporated herein by this reference.

11. Plaintiff's grievance records, as received via subpoena from the Administrative Review Board ("ARB"), the December 23, 2015 grievance. The ARB received this grievance on January 22, 2016, with no response from the Counselor on the copy provided. On January 29, 2016, the ARB found the grievance as moot, as the inmate had been released from his mandatory minimum sentence. See ARB Grievance Records, attached hereto as Exhibit D, and incorporated herein by this reference.

### III.   APPLICABLE LAW

Under the Prison Litigation Reform Act ("PLRA") all prison inmates bringing an action under 42 U.S.C. §1983 with respect to prison conditions must first exhaust all administrative remedies. 42 U.S.C. §1997e(e). Further, the Illinois Administrative Code requires inmates to use the state provided system of filing a grievance and include the name of each person who is the subject of or who is otherwise involved in the complaint, and if the prisoner does not know

3

the name they must describe such person with as much detail as possible. 20 Ill. Admin. Code 504.810.  In this case, Plaintiff has not exhausted his administrative remedies.

Pursuit of administrative remedies is necessary no matter what relief the plaintiff seeks, including monetary damages.  Pavey v. Conley, 544 F.3d 739, 740 (7th Cir. 2008).  Section 1997e(a) makes exhaustion a precondition to filing suit. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999).

In order to fully exhaust administrative remedies as required by 42 U.S.C. §1997e(a), inmates must follow the rules laid out in the Illinois Administrative Code.  Inmates are required to file a grievance regarding an issue at the institutional level, receive a response from the Chief Administrative Officer of the institution ("Warden"), and if the Warden denies the grievance, then appeal the denial to the ARB within 30 days.  20 Ill. Admin. Code 504.850.  Each grievance must be filed within 60 days of the incident, and it must contain factual details regarding each aspect of the inmate's complaint, including what happened, when, where and the name of each person who is the subject of the complaint.  20 Ill. Admin. Code 504.810(b).  If the prisoner cannot name each person who is the subject of the complaint, they must provide as much descriptive information about the individual as possible. Id. Once a decision has been rendered at the institutional level, the inmate must appeal within 30 days any adverse result to the Director of the Department through the ARB.  20 Ill. Admin. Code 504.850.  The inmate's administrative remedies are not exhausted until the appeal is ruled on by the Director through the Board.  "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir.2002); see also Dixon v. Page, 291 F.3d 485, 490 (7th Cir.2002) (holding that, because prisoner did not appeal the dismissal of his grievance to the

Director, he failed to exhaust his administrative remedies)." Burrell v. Powers, 431 F.3d 282, 285 (7th Cir. 2005).

The Illinois Administrative Code, in § 504.810, states that "[a] grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." In addition, § 504.830(a), which governs the review of grievances submitted to the grievance officer, contains no time limit upon the Grievance Officer's review of grievances, just that "[a] Grievance Officer shall review grievances at least weekly, provided that one or more grievances have been filed." Further, § 504.850 required that "If after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint, or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the director within 30 days after the date of the decision." A claim is "brought" for purposes of the PLRA not on the date it is deemed filed by the clerk, but upon the date where the Plaintiff tenders their complaint to the clerk. *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004).

## IV.    ARGUMENT

Plaintiff cannot properly exhaust his administrative remedies without receiving a response from the ARB to a grievance which places the facility on notice of an allegations contained within his Complaint. When Plaintiff filed his suit, he was incarcerated at Pinckneyville Correctional Center. (Supra SOF ¶ 6, 7, 9). As Plaintiff was subject to the PLRA and incarcerated at the time this suit was brought, he was subject to the exhaustion requirement.

Plaintiff alleges he filed written complaints prior to coming to Pinckneyville, but began doing so again after being advised to do so by a jailhouse lawyer. (Supra SOF ¶ 4). No grievances filed prior to Plaintiff's arrival at Pinckneyville could be directed to Dr. Shah. It is

7152213.1

unclear whether Plaintiff's previously filed written complaints were grievances on proper forms or letters. Regardless, these cannot relate to conduct allegedly by Dr. Shah.

Plaintiff filed one grievance regarding this issue which complains of the allegations at issue in this suit, on December 23, 2015, three days before Plaintiff filed this suit. (Supra SOF ¶ 8). Plaintiff received a response from his counselor to this grievance on January 11, 2016, well after this suit was filed. *Id*. Plaintiff then forwarded a copy of this non-emergency grievance without the counselor's response to the ARB, who received it on January 22, 2015. (Supra SOF ¶ 11). This grievance failed to contain responses from the counselor, the grievance officer, or the warden. (Supra SOF ¶ 11). Since Plaintiff appears to have sent this directly to the ARB after speaking with his Counselor, it is unsurprising that it is not contained within Plaintiff's master file, as it was never forwarded to a grievance officer. Plaintiff cannot exhaust his administrative remedies without receiving required responses to his grievance. Plaintiff has not exhausted his administrative remedies.

## IV.   CONCLUSION

Plaintiff failed to properly exhaust his administrative remedies with regard to Defendants Vipin Shah. For the foregoing reasons, this Court should dismiss all Counts against Vipin Shah, with prejudice, due to Plaintiff's failure to exhaust all administrative remedies mandated by 20 Ill. Admin. Code 504.810 and 42 U.S.C. §1997e(a).

WHEREFORE Defendant, Vipin Shah, prays that Plaintiff's claims against him be dismissed for failure to exhaust administrative remedies; that summary judgment be entered in his favor; and for such other and further relief as the Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By:  *s/ Alexander B. Chosid*_____
Timothy P. Dugan, #6271610
Alexander B. Chosid, #6312543
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
tdugan@sandbergphoenix.com
achosid@sandbergphoenix.com

*Attorneys for Defendant Vipin Shah, M.D.*

**Certificate of Service**

I hereby certify that on the 14th day of March 2016 the foregoing was mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

Tyrone Reaves, #R15572
Pinckneyville Correctional Center
5835 State Route 154
P.O. Box 999
Pinckneyville, IL  62274
*Pro Se*

*s/ Carolyn Heiman*_____